UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD CANTRELL,

    Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

    Defendant.
_____/

No. C- 04-0645 PJH

**ORDER RE: PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS**

## INTRODUCTION

Plaintiff Donald Cantrell ("Cantrell") applies for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) for the time that his attorney, Henry Reynolds ("Reynolds"), expended on appeal before this court of the Commissioner's final decision denying plaintiff's disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, for the reasons that follow the court hereby GRANTS in part and DENIES in part the application for attorney's fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2005, this court granted in part Cantrell's motion for summary judgment, and denied the Commissioner's cross-motion for summary judgment. The court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ failed to consider all of the evidence in determining Cantrell's limitations, and did not offer clear and convincing

1 reasons for discrediting Cantrell's testimony. On remand, the ALJ was ordered to consider
2 the full impact of Cantrell's impairments, and make specific findings as to Cantrell's credibility.
3    On May 25, 2005, Cantrell filed a petition with the court, requesting an award of
4 Reynolds' fees in the amount of $7,292.29, based on 45.65 hours of work, as well as
5 reimbursement in the amount of $35.83 for costs.

## DISCUSSION

7    The EAJA mandates an award of attorney's fees and expenses to a prevailing party
8 other than the United States in any civil action, other than one sounding in tort, "brought by or
9 against the United States ... unless the court finds the position of the United States was
10 substantially justified or that special circumstances make an award unjust." 28 U.S.C. §
11 2412(d)(1)(A). The party seeking fees bears the burden of establishing entitlement to an
12 award and documenting the appropriate hours expended and the hourly rates. Hensley v.
13 Eckerhart, 461 U.S. 424, 437 (1983).
14    The Commissioner opposes Cantrell's application on the basis that Reynolds failed to
15 comply with the local rules' requirement that parties meet and confer in a good faith attempt to
16 settle the issue prior to filing an attorney's fees application. Additionally, the Commissioner
17 requests that should the court *not* deny the application in its entirety, that the court reduce the
18 amount requested as unreasonable.

19 **I.    Reynolds' Failure to File for Attorney's Fees in a Timely Fashion**

20    Local Rule 54-6(a) imposes a time limit on filing for attorney's fees: "[u]nless otherwise
21 ordered by the Court ... motions for awards of attorney's fees by the Court must be served and
22 filed *within 14 days of entry of judgment* by the District Court." Civil L.R. 54-6(a) (emphasis
23 added). The EAJA also imposes a time limit on parties seeking attorney's fees under the
24 statute: "A party seeking an award of fees and other expenses shall, *within thirty days of final*
25 *judgment in the action*, submit to the court an application for fees and other expenses...." 28
26 U.S.C. § 2412(d)(1)(B) (emphasis added).
27    District courts are "free to adopt local rules establishing timeliness standards for the
28

2

1  filing of claims for attorney's fees." White v. N.H. Dep't of Employment Sec., 455 U.S. 445,
2  454 (1982). Local rules trump any reasonableness standard of timeliness which may
3  otherwise apply. McQuiston v. Marsh, 707 F.2d 1082, 1084 (9th Cir. 1983). Local Rule 54-
4  6(a) allows waiver of its fourteen day period only if "otherwise ordered by the Court after a
5  stipulation to enlarge time ... or a motion under Civil L.R. 6-3," which provides for a motion to
6  change time. Civil L.R. 54-6(a). Because neither waiver provision of Local Rule 54-6(a) is
7  applicable here, the fourteen day period of Local Rule 54-6(a) controlled in the instant case.

8  Although the Commissioner does not raise the issue in her motion, the time lapsed
9  between the entry of the final judgment and Reynolds' filing of the EAJA application exceeds
10 the fourteen day limit imposed by the Local Rule 56-4(a). This court entered a final judgment
11 in the matter of Cantrell's appeal on April 11, 2005. Reynolds filed his EAJA application for
12 attorney's fees on May 25, 2005. The court finds that Reynolds' application was untimely filed.
13 However, because the Commissioner did not oppose it on this ground, the court does not
14 deny the application on this basis.

15 **II.   Reynolds' Failure to Meet and Confer**

16 The Commissioner contends that Reynolds failed to make a good faith attempt to meet
17 and confer regarding the matter of attorney's fees prior to filing his EAJA application, and that
18 the court should thus deny the entire EAJA request. The Commissioner includes the
19 declaration of Eric Chinn in support of her opposition.

20 Chinn's declaration of June 23, 2005, states that Reynolds, on May 9, 2005, "faxed to
21 [Chinn] (under a different case name) a proposal to settle his request" for fees in this action.
22 Def. Opposition, p. 7, ¶ 4. On May 16, 2005, Chinn called, but was unable to speak with
23 Reynolds. Chinn left a message on Reynold's answering machine that he had not been able
24 to respond to Reynolds' settlement proposal because he had been out of town on official
25 business when Reynolds had faxed his proposal. Id. at ¶ 5. In the same message, Chinn
26 indicated that he had only learned of Reynolds' settlement proposal that very morning, and that
27 the proposal faxed by Reynolds referenced a different case name. Id. Finally, Chinn stated
28

that he would review Reynolds' proposal, and would call to discuss terms of the proposed settlement. Id.

According to Chinn's declaration, the following morning, May 17, 2005, Reynolds re-faxed the proposal using the proper case name, and left a telephone message to confirm receipt. Id. at ¶ 6. Later the same day, Reynolds left a second phone message informing Chinn that if his proposal was accepted, the parties could proceed by stipulation. However, Reynolds indicated in this message that he was not amenable to negotiating the amount of his request, and "if his request was declined, he would increase the amount sought and proceed to court the following week." Id. at ¶ 7. In his June 23, 2005 declaration, Chinn stated that, since May 17, 2005, aside from receiving a copy of Reynolds' EAJA application, he had received no further communication from Reynolds. Id. at ¶ 8.

Reynolds' declaration of May 25, 2005, simply states: "I pursued settlement of the instant EAJA application with the Defendant but was unable to reach an agreement." Pl.'s Declaration, p. 4, ¶ 5. Reynolds cites no facts or evidence to support his assertion. In a supplemental declaration dated July 13, 2005, Reynolds avers that, on July 11, 2005, after briefing on this issue was completed, he "spoke directly with Assistant Regional Council Eric K. H. Chinn in an attempt to settle the instant EAJA application. We were unable to settle this matter." Pl.'s Supplemental Declaration, p. 1, ¶ 1.

Civil Local Rule 54-6(a), regarding motions for attorney's fees, requires counsel to "meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." Civil L.R. 54-6(a). "Meet and confer," under the local rules, requires parties to "communicate directly and discuss in good faith the issue(s)...." Civil L.R. 1-5(n). Unless otherwise provided, the communication may take place by telephone. Id. However, the "mere sending of a written, electronic, or voice-mail communication" does not satisfy the "meet and confer" requirement of Local Rule 54-6(a). Therefore, the meet and confer requirement, unless otherwise provided, "can be satisfied only through direct dialogue and discussion - either in face to face meeting or in a telephone

conversation." Id.

Reynolds' supplemental declaration regarding his direct communication with Chinn on July 11, 2005, falls short of the "meet and confer" requirements of the local rules because Rule 54-6(a) requires counsel to "meet and confer ... *before* making a motion for award of attorney's fees." Civil L.R. 54-6(a) (emphasis added). Reynolds filed his EAJA application on May 25, 2005, well before his direct communication with Chinn.

The series of telephonic and faxed messages between Reynolds and Chinn in the May 9 - 17, 2005 time frame also do not comply with Local Rule 54-6(a)'s requirement of "direct dialogue and discussion," because the Rule explicitly states that the "mere sending of a written, electronic, or voice-mail communication" does not fulfill the "meet and confer" requirement. Civil L.R. 54-6(a). Because the party seeking fees bears the burden of establishing entitlement to an award, the burden rests upon Reynolds to adequately demonstrate that he has satisfied the "meet and confer" requirement of the local rule. See Hensley, 461 U.S. at 437. The court finds that Reynolds has not met this burden. While this deficiency is alone a sufficient basis for denying Reynolds' application, the court elects instead to consider it in conjunction with the merits of Reynolds' application.

**III.    Reasonableness of Hours**

In the alternative to her request for denial of the application based on counsel's failure to meet and confer, the Commissioner contends that the court should reduce the amount of attorney's fees requested by Reynolds because that amount is unreasonable. The Commissioner disputes the reasonableness of Reynolds' requested fees on the following grounds: (1) the total hours allegedly expended on the case were excessive given the routine nature of the case; (2) Reynolds seeks compensation for his failure, in a variety of ways, to comply with the court's local rules; (3) the itemization of hours expended is defective because it does not describe the subject matter of numerous conferences with both parties, and, moreover, contains duplicative entries; and (4) EAJA does not authorize the payment of overhead expenses sought by Reynolds in the guise of attorney's fees.

Under the EAJA, only "reasonable attorney fees" shall be awarded. 28 U.S.C. § 2412(d)(1)(A). This court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992), citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In determining what constitutes a reasonable fee, a court should consider factors such as the number of hours requested and any duplication of effort. Gates, 987 F.2d at 1397. In determining the fee award, the court should "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437 (involving attorney-fee proceeding under § 1988); see INS v. Jean, 496 U.S. 154 (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as the standard in Hensley). Hensley requires only that this court provide some explanation of how it arrived at the amount of compensable hours for awarding attorney's fees. See Gates v. Deukmejian, 987 F.2d at 1398. The Supreme Court has stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. Here, there appears to be no dispute between the parties regarding Reynolds' hourly rate, as dictated by EAJA's statutory scheme.

### 1.     Reasonableness of the total hours expended on the case

Reynolds claims to have spent a total of 45.62 hours on this social security appeal, entitling him to $7256.46 in fees, plus $35.83 in costs, totaling $7292.29. Reynolds argues that the amount sought is reasonable in light of other federal court decisions, citing Patterson v. Apfel, 99 F. Supp. 2d 1212 (C.D. Cal. 2000) (found 28.5 hours for reviewing the administrative record, conducting legal research and drafting court documents was reasonable; found 28.8 to 46.5 hours an approved range); Randall v. Soc. Sec. Admin., 61 F. Supp. 2d 1141 (D.Or. 1999) (court awarded EAJA fees of $7605.15 and expenses of $322.75); and Stewart v. Sullivan, 810 F. Supp. 1102 (D. Hawaii 1993) (court awarded EAJA fees for 96.98 hours of attorney time). Reynolds also argues that because he did not represent Cantrell at the administrative level, additional hours were required to review the

6

record in Cantrell's case.

The Commissioner counters that the number of hours that Reynolds claims are unreasonable and excessive, given the routine nature of this case. Also citing Patterson, the Commissioner contends that Reynolds should be compensated for fewer than the 37.25 hours of billable time found reasonable in Patterson, 99 F. Supp.2d at 1213. First, the Commissioner contends that Reynolds has failed to demonstrate that this case required "significantly more factual development and legal analysis than was required at the administrative level," as was the case in Patterson. Second, the Commissioner argues that Cantrell's case did not involve any Social Security issues that were not routine for an attorney who handles "exclusively social security disability cases." Declaration of Henry Reynolds, ¶ 2; see Patterson, 99 F. Supp. 2d at 1213. The Commissioner observes that Cantrell raised five issues on appeal: credibility, rejection of an examining source opinion, evaluation of past relevant work, obesity, and Cantrell's need to use a cane to ambulate. See Memorandum Decision and Order Thereon filed April 11, 2005. The Commissioner contends that these are common issues in disability review cases, offering as support, the fact that Reynolds claimed only 0.75 hours of legal research into these issues. Third, the Commissioner argues that the instant case is easily distinguished from Patterson because Cantrell's case, unlike Patterson's, did not require oral argument. Id.

Fee shifting statutes like the EAJA encourage competent attorneys to accept cases that they otherwise would not by assuring recovery of a reasonable fee. A reasonable fee should be awarded based on, but not limited to, the complexity of the case or the novelty of the issues, and the attorney's expertise and skill. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) (setting forth twelve factors the district court may consider in calculating reasonable attorney's fees, at least three of which the court must consider so as not to constitute an abuse of discretion), rev'd on other grounds, City of Burlington v. Dague, 505 U.S. 557, 567 (1992) (deeming irrelevant to fee calculation the fixed or contingent nature of a fee, casting doubt on the relevance of the case's "desirability" to the fee calculation). The

amount of time reasonably billed for social security appeals varies depending on the complexity of the case, the experience of counsel, and the disposition of the appeal. See Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998) (concluding that the district court did not abuse its discretion in reducing an award of attorney's fees in a social security appeal by considering the twelve factors set forth in Kerr and the attorney's insufficient support for his claimed hourly rate).

There is no bright line rule. Some courts have found that forty hours expended for a social security appeal is excessive. For example, in Vanover v. Chater, the court found forty-two hours was excessive. 946 F. Supp. 744, 746 (E.D. Mo. 1996). The court based this finding on the large number of routine social security disability cases it received and reduced the hours from forty-two to twenty hours. Id. Similarly, in Spruil v. Bowen, the district court reduced the hours from sixty-two to thirty-seven to reflect "billing judgment" in a social security case. 691 F. Supp. 302, 306-307 (M.D. Fla. 1988). In Chandler v. Secretary of Dep't. of Health and Human Serv., the court found forty-one hours for a district court briefing unreasonable. 792 F.2d 70, 73 (6th Cir. 1986).

On the other hand, some courts have found forty hours or more reasonable under the EAJA. For example, the court in Hardy v. Callahan, 1997 WL 470355, *9 (E.D. Tex. 1997), awarded attorney's fees for forty hours of work expended on a relatively non-complex social security case. Id. at *8. The court awarded a total of forty hours rather than the requested 58.5 hours because the case did not involve any particularly complex factual issues, the medical evidence was straightforward and understandable, and the legal issues were not matters of first impression. Id. Another district court likewise determined that forty hours was, in fact, "a reasonable expenditure of time" in a social security appeal. See Pribek v. Secretary of Dep't. of Health and Human Serv., 717 F. Supp. 73, 75-77 (W.D.N.Y. 1989) (granting fees for forty hours instead of the requested eighty-seven hours because "forty hours more adequately reflects, in this Court's experience, a reasonable expenditure of time on a case of this sort, which is unextraordinary in all respects").

This court agrees with the Commissioner that this case did not present factually intensive and complex issues and did not require unusual briefing. In <u>Patterson</u>, the court noted that each social security case is "fact-intensive and requires a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." 99 F. Supp.2d at 1213. However, the <u>Patterson</u> court distinguished between the routine and non-routine issues, concluding that issues regarding plaintiff's suicide and the weight of his counselor's notes required more factual and legal analysis. Accordingly, the <u>Patterson</u> court found that 28.5 hours claimed by plaintiff's attorney for reviewing the file, performing research, drafting court documents, and participating in oral argument was not excessive. <u>Id.</u>

In contrast to <u>Patterson</u>, the posture of Cantrell's case is not unique, nor are the facts particularly complex. <u>See</u> 99 F. Supp.2d at 1213. The instant case involves routine evaluation of credibility, rejection of an examining source opinion, evaluation of past relevant work, obesity, and Cantrell's need to use a cane to ambulate. Legal issues concerning the improper assessment of credibility and medical evidence are not difficult issues, nor are they matters of first impression. <u>See</u> <u>Sandine v. Commissioner of Soc. Sec. Admin.</u>, 1999 WL 717823 at *4 (D. Or. 1999) (concluding that improper rejection of a physician's assessments, failing to apply the grids set forth in 20 C.F.R. §404, subpt. P, app.2, and improperly rejecting plaintiff's and lay witnesses' testimony are neither complex nor unique issues with regard to its legal and factual issues); <u>see</u> generally Harvey L. McCormick, <u>Social Security Claims and Procedures</u> § 15:7, at 214-15 (5th ed. 1998) (discussing common legal errors or applications of improper standards that constitute good and sufficient grounds for remand).

Given the routine nature of the claims in this case, and despite the fact that Reynolds did not represent Cantrell at the administrative level, the court is persuaded that Reynolds, as a seasoned social security practitioner, reasonably could have presented the issues and related matters to this court in fewer than 45.62 hours. <u>See</u> <u>Baker v. Apfel</u>, 2000 WL 284215, *5 (S.D. Ala. Feb. 23, 2000) (concluding that 11.20 hours claimed for drafting a twenty-eight-

9

page brief was unreasonable particularly since the brief contained much canned language and quoted material along with the factual development and the legal arguments that were familiar to an attorney with specialized expertise in social security matters).

### 2. Reynolds' failure to comply with the court's local rules

In addition to her argument regarding Reynolds' failure to meet and confer, the Commissioner argues that Reynolds has failed to comply with the court's local rules in several other respects, and that the court should thus deny Reynolds' EAJA request as unreasonable to the extent he seeks compensation for the submission of the instant application in violation of the local rules. First, the Commissioner argues that Reynolds' supporting memorandum to his motion for summary judgment violates the local rules in two ways: (1) the 26-page memorandum exceeds the 25-page limit imposed by Local Rule 7-4; and (2) Reynolds failed to include a table of contents and table of authorities, as is required for memoranda exceeding ten pages. See Civil L.R. 7-4. Second, the Commissioner argues that Reynolds failed to comply with Local Rule 54-6 in three ways: (1) the fee application lacks a "statement describing the manner in which time records were maintained" as required by Local Rule 54-6(b)(2); (2) the application lacks any "description of relevant qualifications and experience" of the assistant attorney who actually drafted Cantrell's summary judgment motion and whose services account for nearly half of the total hours of attorney time allegedly expended, as required by Local Rule 54-6(b)(3); (3) the application also lacks any "statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services" rendered by Reynolds or his assistant. See Civil L.R. 54-6(b)(3).

With respect to the Commissioner's first argument, Local Rule 7-4, which sets forth the requirements for briefing, is directed toward the convenience of the court. Although the Commissioner correctly argues that Reynolds did not comply with the letter of Rule 7-4, the court concludes that Reynolds' noncompliance with this provision, while another indication of Reynolds' inattention to detail, is not dispositive.

The court can quickly dispose of two of the Commissioner's three arguments as to Local Rule 54-6.  First, the Commissioner asserts that the application lacks any "description of relevant qualifications and experience" of the assistant attorney who actually drafted Cantrell's summary judgment motion and whose services account for nearly half of the total hours of attorney time allegedly expended, as required by Local Rule 54-6(b)(3).  Reynolds included a July 12, 2005, declaration from his assistant attorney, Brian Zeiden, which outlines Zeiden's experience as a social security attorney, including appearances at approximately 100 social security hearings, and work on approximately two social security summary judgment motions, or the equivalent.  Declaration of Brian Zeiden, p.1.  Although this declaration was filed late, it does fulfill the requirements of the rule.

Second, the Commissioner contends that Reynolds' application also lacks any "statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services," as required by Local Rule 54-6(b)(3).  However, as indicated above, there appears to be no dispute among the parties as to the relevant hourly rate involved, which is dictated by the EAJA's statutory scheme.

Under the EAJA, "fees and other expenses" include "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  Attorney's fees are set at a market rate but capped at $125 per hour.  Id.  Thus, a district court may not award attorney's fees in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A)(ii).  Although Reynolds makes no claim as to his normal hourly rate, pursuant to the statutory cap, both parties appear to agree that Cantrell's attorney should be compensated at a rate of $159.00 per hour for services performed in 2004, and $158.37 per hour for services performed in 2005.  See Schedule of Hours. The Commissioner has apparently not objected to Reynolds' claimed hourly rate. This rate reflects the statutory rate plus an increase to account for the increase in cost of living as shown from the Consumer Price Index.  28 U.S.C. § 2412(d)(2)(A); see Mannino v. West, 12 Vet. App. 242, 242-244

(1999) (applying local or regional, rather than national, CPI, and noting that, although there is a circuit split on the issue, the weight of circuit decisions appears to favor local, rather than national, CPI).

The final Rule 54-6 issue raised by the Commissioner, that the fee application lacks a "statement describing the manner in which time records were maintained" as required by Local Rule 54-6(b)(2), requires more analysis by the court. The Ninth Circuit had occasion to consider a similar challenge to attorney's fees in LaFarge Conseils Et Etudes, S.A., v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334 (9th Cir. 1986). The LaFarge court applied relevant Local Rule 270-2, which is substantially similar to the rule here in question, Local Rule 54-6. See 791 F.2d 1341, fn. 17; cf. Civil L.R. 56-4. The court upheld the award of attorney's fees, holding that the award was supported "by affidavits and exhibits that included contemporaneous time records ... [which] disclosed the hours billed, the nature of the professional services rendered ... [and] specified [ ] professional credentials." LaFarge, 791 F.2d at 1342. The district court in LaFarge carefully considered the documents submitted to support the attorney's fees motion, and the court was thus held to have properly found that attorney's fees should be awarded. Id.

Reynolds provided no such statement describing the manner of his record keeping. Reynolds provides, in a cursory fashion, information as to the professional services provided in his "Schedule of Hours." He provides only two declarations as to the credentials of himself and his associate attorney, and provides no affidavit documenting contemporaneous time records, as considered by the court in LaFarge. Thus, the court finds that Reynolds has failed to adequately describe the maintenance of his time records as required by the local rules of this court.

### 3. The itemization of hours

The Commissioner argues that Reynolds' account of hours lack specificity, particularly because Reynolds fails to describe the subject matter of 1.4 hours expended for seven client conferences and 1.4 hours expended for fourteen conferences with defendant. The

Commissioner also contests Reynolds' listing of three conferences with the Commissioner on May 17, 2005, totaling 0.3 hours, that describe the subject matter only as "EAJA." Absent some description of the subject matter of each conference, the Commissioner argues, the court lacks an evidentiary basis to assess the reasonableness of time expended.

The Commissioner also argues that the total hours allegedly expended in conferences is duplicative. The Commissioner observes that the itemization of hours lists multiple 0.1 hour conferences with Cantrell and the Commissioner on the same dates. See Schedule of Hours. For instance, four separate "0.1 hours conferences with defendant" are listed for June 16, 2004. The Commissioner suspects that these are duplicative entries but can not be sure because there is no specified subject matter or contact person to enable a cross-check.

In Hensley, the Supreme Court instructed as follows with respect to the reasonableness of an award of fees: "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434 (citations omitted). The Commissioner correctly cites Hensley for the proposition that the burden of establishing entitlement to an award and documenting the hours expended falls squarely on the party seeking attorney's fees. Id. at 437. The Commissioner also notes that the Patterson court, in assessing defendant's argument that plaintiff's counsel did not adequately document certain hours, noted that most of the entries in question "identify the nature of the correspondence or the person with whom plaintiff's counsel conferred." 99 F. Supp. 2d at 1214

Reynolds' failure to note the subject matter of the multiple "conferences" in his Schedule of Hours demonstrates his failure to shoulder his Hensley responsibility.

### 4. Overhead expenses in the guise of attorney's fees

Finally, the Commissioner asserts that the court should disallow payment for drafting and filing services claimed by Reynolds, because there is no statutory provision that

1    authorizes payment of an attorney's overhead or secretarial expenses.  <u>Wilkett v. Interstate</u>
2    <u>Commerce Commission</u>, 844 F.2d 867, 875-876, fn. 6 (D.C. Cir. 1988) (citation omitted).
3    The Commissioner argues that such services are merely clerical, rather than professional,
4    services.  Moreover, the Commissioner argues that such clerical services cannot qualify as
5    "reasonable attorney's fees" under 28 U.S.C. § 2412(d)(1)(A).  The Commissioner thus
6    argues that the court should disallow 2.5 hours from Reynolds' EAJA request to reflect the
7    clerical nature of the tasks performed.  See <u>Trinidad v. Secretary of HHS</u>, 935 F.2d 13, 18
8    (1st Cir. 1991) (affirming award of $40.00 per hour for preparation of "boilerplate" complaint
9    and other "largely ministerial tasks").

10   Reynolds argues that the Ninth Circuit has held that "fees and other expenses"
11   recoverable under EAJA include costs "ordinarily billed to a client," including postage,
12   telephone calls, and attorney travel expenses.  See <u>Int'l Woodworkers of America v. Donovan</u>,
13   769 F.2d 1388, 1392 (9th Cir. 1985) (opinion amended, 792 F.2d 762 (9th Cir. 1985)).

14   While the Commissioner cites <u>Wilkett</u>, the language of that decision actually bolsters
15   Reynolds argument.  Addressing the statutory fees cap under EAJA, the <u>Wilkett</u> court read the
16   cap "as applying to the combined charges for attorney's services, overhead and secretarial
17   work" usually subsumed in hourly rates.  <u>Wilkett</u>, 844 F.2d at 875-876, fn. 6.  Although the
18   <u>Wilkett</u> holding is not binding on this court, the <u>Wilkett</u> court's reasoning is persuasive, and the
19   court thus rejects the Commissioner's argument on this issue.

20   **CONCLUSION**

21   The court has found a number of deficiencies with Mr. Reynolds' application.  Some go only to
22   the application process and others impact the substantive merits of the application.  The court
23   gives particular weight to those deficiencies that bear on the merits and this court's ability to
24   review the merits.  Reynolds' failure to provide a proper itemization of the hours expended and
25   his failure to specify how time records are maintained significantly impact the court's ability to
26   evaluate the exercise of his billing judgment.  These factors, considered along with the court's
27   finding that the total number of hours claimed is excessive, require that any award be severely
28

14

reduced.

Additionally, although the requirement for a meet and confer, like filing deadlines and briefing requirements, inures to the benefit of the court, Reynolds' failure to meet and confer with opposing counsel before filing his application must be discouraged as it undermines the purpose of the rule and unnecessarily embroils the court into matters that are routinely resolved by counsel.

The court has taken the time to address, in some detail, the myriad issues raised by this application in part to warn Mr. Reynolds that sloppy applications like the one he has submitted will not be tolerated in the future.  In the event the court forgets this case, one of hundreds of cases on its docket, government counsel is invited to cite to this order in connection with any future application filed by Mr. Reynolds in a case on the undersigned judge's docket.

For all of the above reasons, Mr. Reynolds' application is reluctantly GRANTED; however, the fee request is reduced by one third based on the excessive hours expended and by another one third for the other deficiencies in his application. Accordingly, Reynolds is awarded fees in the amount of $2,430.76, and costs in the amount of $35.83, for a total of $2,465.83.

**IT IS SO ORDERED.**

Dated: September 16, 2005

PHYLLIS J. HAMILTON
United States District Judge

15