UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD CANTRELL,

    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____/

No. C 04-0645 PJH

**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

Currently before the court is plaintiff Donald Cantrell's ("Cantrell") attorney, Henry Reynolds' motion for attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the court GRANTS IN PART and DENIES IN PART the motion.

**BACKGROUND**

Cantrell applied for disability insurance benefits under Title II of the Social Security Act ("SSA"). The Social Security Commissioner ("Commissioner") denied the application both initially and on reconsideration. On January 21, 2004, the Appeals Council denied Cantrell's request for review of a denial of benefits by the Administrative Law Judge ("ALJ"). Cantrell subsequently filed an appeal with this court. On April 11, 2005, the court granted in part Cantrell's motion for summary judgment and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g).

Attorney Reynolds represented Cantrell on appeal before this court, while William Berg ("Berg") represented Cantrell at the administrative level. Following the court's order on appeal, on May 25, 2005, Reynolds filed a petition with the court for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Reynolds requested

$7,292.29 for 45.65 hours of work. On September 16, 2005, the court granted in part and denied in part Reynolds' request for fees, ordering payment of $2,430.76. The court reduced the requested award by one-third for excessive hours and by another one-third for deficiencies in the application. The court also warned Reynolds that "sloppy applications like the one he has submitted will not be tolerated in the future." Cantrell v. Barnhart, No. C 04-0645, slip op. at 15 (N.D. Cal., Sep. 16, 2005).

Subsequently, on March 2, 2006, on remand, the ALJ awarded Cantrell $62,435.00 in past-due benefits. In accordance with the Commissioner's guidelines, 25% of the award, or $15,608.75, was withheld in order to pay attorney's fees. Of this set-off, $5,300 was awarded to administrative counsel Berg, leaving a balance of $10,308.75 available for district court appellate counsel. On March 12, 2009, the Commissioner sent a letter to Reynolds, informing him that the Social Security Administration continued to withhold the funds. On March 30, 2009, Reynolds filed the instant motion with the court, requesting the balance of $10,308.75 be awarded to him under 42 U.S.C. § 406(b).

## DISCUSSION

**A.     Legal Standards**

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the SSA. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the SSA is paid out of a successful claimant's past-due benefits. See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorensen v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. See Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). If the court awards fees under both the EAJA and SSA, the attorney must reimburse the client the amount of the smaller fee. See id. at 796.

Section 406 provides different means for reimbursing attorneys based on whether the proceedings were at the administrative level or in court. For administrative work, §

2

406(a) allows an attorney to recover fees of either 25 percent of the past-due benefits or $5,300, whichever is smaller. See 42 U.S.C. § 406(a)(2)(A). For successful representation before a court, a judge "*may determine and allow* as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which claimant is entitled." Id. § 406(b)(1)(A) (emphasis added).

In Gisbrecht, the Supreme Court established basic guidelines for determining the reasonableness of attorney fees in § 406(b) actions. 535 U.S. at 789. Even if a § 406(b) claim is within the statutory limit of 25 percent of past-due benefits, the attorney must show that the fee sought is reasonable, and the court is required to review fee agreements for reasonableness as an independent check. See id. at 807. The district court determines the reasonableness of a fee based on the circumstances of each case. See Crawford v. Astrue, 545 F.3d 854, 862 (9th Cir. 2008).

A court can adjust an attorney's fee award downward if "the benefits are large in comparison to the amount of time counsel spent on the case." Gisbrecht, 535 U.S. at 808. A record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge are helpful in determining an appropriate fee. See id. Courts within the Ninth Circuit have deferred to the terms of contingency fee agreements, except where the rate would be grossly excessive considering the nature of the work involved. See Crawford, 545 F.3d at 856-57 (upholding district court's reduction of § 406(b) awards in 3 cases in which fee requests of $875, $659.03, and $902 per hour were reduced to $344.58, $505.76, and $475.56 per hour, respectively).

**B.    Cantrell's Motion**

At the outset, the court notes that the timeliness issue raised in its briefing order has been resolved by Reynolds' declaration and is no longer an issue.

Reynolds requests attorney's fees in the amount of $10,308.75 under 42 U.S.C. § 406(b), with a credit to Cantrell of the EAJA award of $2,430.76, for a total of $7,877.99. As noted, in his prior motion for attorney's fees under the EAJA, Reynolds stated that he

3

worked 45.65 hours on the case. The court found Reynolds' billing excessive and reduced his EAJA award by one-third on that basis. Accordingly, in response to the court's EAJA order, in the current § 406(b) motion, Reynolds submits only the 21.25 hours billed by his associate attorney Brian Zeiden ("Zeiden"), and none of his own time.

He argues that the $7,877.99 he currently requests for Zeiden's work is reasonable. Reynolds notes that the requested fees represent a rate of $370.73 per hour, which he argues is appropriate for the work done by an attorney of Zeiden's experience. According to Zeiden's affidavit, he had "appeared at approximately 100 social security [administrative] proceedings and had worked on approximately 2 social security summary judgment motions or the equivalent." Based on this evidence, Reynolds makes the conclusory statement that the "rate is reasonable for Gisbrecht purposes."

In opposition, the Commissioner makes several observations regarding Reynolds' motion.[1] The Commissioner notes that the award requested by Reynolds could be considered an improper windfall under the Gisbrecht standard. He notes that the fee request is for work done solely by Zeiden, who had little experience with appeals. The Commissioner points out that, by including the EAJA fees previously received, the total award would be $10,308.75 for 21.25 hours of work, which would actually represent a rate of $485.12 per hour for work by Zeiden, as opposed to the $370.73 per hour claimed by Reynolds.

The court finds that Reynolds has not demonstrated that the instant fee request is reasonable, even though it falls within the statutory ceiling of 25%. Reynolds failed entirely to provide the court with any support for the hourly rate requested for Zeiden. Nor has Reynolds explained how the difficulty or complexity of Cantrell's case would justify the

---

[1]The Commissioner notes that he is not a party to the fee agreement in this case. As recognized by the Supreme Court, the Commissioner has no direct financial stake in § 406(b) requests but instead "plays a part in the fee determination resembling that of a trustee for the claimants." Gisbrecht, 535 U.S. at 798, fn. 6.

4

award.[2]

The Ninth Circuit recently approved the use of a lodestar analysis to determine the reasonableness of a contingency fee agreement.[3] See Crawford, 545 F.3d at 862. The first step in the lodestar analysis is consideration of the requested hourly fee. The court agrees with the Commissioner that Reynolds miscalculated Zeiden's hourly rate. Contrary to Reynolds' approach, in calculating the hourly rate for Zeiden's work, the court looks to the *total* attorney's fees awarded. See id. at 857 (in three separate cases, the district court determined the reasonableness of the entire fee request before deducting the prior EAJA award). Therefore, accounting for the EAJA fees already awarded, Reynolds would receive an hourly rate of $485.12 per hour for services rendered by associate attorney Zeiden.

Second, the court must compare the requested fee with Zeiden's hourly rate for non-contingent work. See id. at 859. In spite of the court's admonition in its prior order, Reynolds again failed to submit the requisite support for the instant request. As noted, he has provided this court with *no* information regarding Zeiden's hourly rate. Rather than deny the request for fees outright based on this sloppiness and continued submission of inadequate briefs, which the court seriously considered, it has nevertheless attempted to ascertain a reasonable hourly rate for Zeiden.

The only information that the court has been provided about Zeiden is that he has worked on *two* social security appeals. Moreover, review of the California Bar's website reveals that Zeiden was admitted to the California Bar only two years prior to the work that he completed on this case in 2004. Review of other social security cases demonstrates that a rate of $485.12 per hour is clearly unwarranted for an attorney of Zeiden's

---

[2] Reynolds' sole support for Zeiden's hourly rate is a citation to a website containing an unrelated article regarding the high hourly rates at large law firms generally.

[3] In Gisbrecht, the Court held that courts could not exclusively use a lodestar calculation to set a reasonable § 406(b) award, and must consider the contingent-fee agreement. 535 U.S. at 808. The Ninth Circuit held that district courts can use a lodestar analysis in assessing reasonableness provided that they first consider the contingent-fee agreement. Crawford, 545 F.3d at 862.

experience. See Scharlatt v. Astrue, 2008 WL 50005531 at *5 (N.D. Cal. 2008) (approving a $350 per hour rate for attorney Marc Kalagian, with 18 years of experience); see also Hearn v. Barnhart, 262 F. Supp. 2d. 1033, 1037 (N.D. Cal. 2003) (approving a rate of $450 per hour for San Francisco Bay Area social security attorney Harvey Sackett, who had 26 years of experience in the field). Given Reynolds' failure to provide *any* relevant information regarding a reasonable non-contingent rate for an attorney who had been licensed for two years with very limited experience on social security appeals, the court has utilized an EAJA hourly rate for Zeiden even though this is *not* an EAJA request. Reynolds previously conceded in his prior attorney's fees motion that the 2004 EAJA rate was $154.88 per hour, and that is the hourly rate the court will approve for Zeiden in conjunction with this request.

Accordingly, the court awards fees under § 406(b) for Zeiden's work at the EAJA rate of $154.88 per hour for 21.25 hours of work, for a total of $3,291.20.[4]

## CONCLUSION

For the reasons set forth above, Reynolds' motion for attorneys' fees under § 406(b) is GRANTED IN PART and DENIED IN PART.

This order fully adjudicates the motion listed at No. 27 of the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: July 10, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[4] As noted above, Cantrell should be credited for Reynolds' prior EAJA award of $2,430.76.

6